UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAR 19 2015

[signature] CLERK

| | |
|---|---|
| ROBERT S. McINTIRE,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN WILLIS,<br><br>Defendant. | 4:14-CV-04108-RAL<br><br>OPINION AND ORDER DISMISSING<br>PETITION FOR HABEAS CORPUS |

Robert McIntire filed a petition under 28 U.S.C. § 2241 challenging a denial by the Bureau of Prisons (BOP) of his request for a $500 release gratuity under 18 U.S.C. § 3624(d). Because 28 U.S.C. § 2241 is not the correct procedural vehicle for the claim McIntire asserts, this Court dismisses his petition for a lack of jurisdiction.

I.  **Background**

In 2007, a federal judge sentenced McIntire to ten years in prison for drug crimes. Doc. 10-1 at 3. McIntire was transferred to the Federal Prison Camp in Yankton, South Dakota, in 2010. Doc. 10 at 1–2. He filed the present petition on July 14, 2014, alleging that he was entitled to a $500 release gratuity under 18 U.S.C. § 3624(d) rather than the $100 the BOP planned to give him. Doc. 1. McIntire was released from custody on July 22, 2014, based on good conduct time and received a $100 release gratuity. Doc. 10-1 at 4. The Government filed a response in October 2014, arguing that this Court lacks jurisdiction because the relief McIntire seeks cannot be granted through a habeas petition and because the issue is moot given his release

1

from custody, or alternatively, that McIntire is not entitled to the relief he seeks because the issuance of gratuities is within the discretion of the BOP. Doc. 9.

## II. Analysis

Habeas corpus petitions under 28 U.S.C. § 2241 allow prisoners to challenge the fact or duration of their confinement, not the conditions of their confinement. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). When a prisoner "seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Kruger, 77 F.3d at 1073.

Here, McIntire is challenging the BOP's decision concerning his release gratuity rather than challenging the validity of his conviction or the length of his sentence. As a consequence, this Court lacks jurisdiction under § 2241 to consider McIntire's claim. Kruger, 77 F.3d at 1073; Morris v. Zickefoose, No. 10-1511 (NLH), 2010 WL 4387502, at *2 (D.N.J. Oct. 29, 2010) (dismissing for lack of jurisdiction § 2241 petition seeking release gratuity); Sumners v. Reese, No. 5:07cv58-DCB-MTP, 2007 WL 1438982, at *2 (S.D. Miss. May 11, 2007) (concluding that a claim for a release gratuity was not "habeas in nature" and dismissing petition); see also Fitzgerald v. Thomas, No. 07-1842-CL, 2008 WL 2628442, at *1 n.1 (D. Or. June 30, 2008) (concluding that a claim for a release gratuity was essentially a request for monetary relief, which is not available under § 2241).

McIntire's petition appears to be a Bivens action. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395–96 (1971) (allowing cause of action for damages arising from constitutional violations by federal officers). McIntire argues that he is entitled to a $500 gratuity because he has not received any financial support from his relatives

2

and because he was released to a common-law halfway house rather than a BOP Residential Reentry Center (RRC), which would provide meals, clothing, and transportation to employment. McIntire's argument best can be understood as a claim that the BOP committed a due process violation by refusing to provide him with the full $500 amount to which he was entitled under 18 U.S.C. § 3624(d).

McIntire ideally should be given an opportunity to opt to have his claim deemed to be a Bivens action. In Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit found that the district court should have liberally construed a prisoner's § 2241 petition and allowed the prisoner the option to proceed under Bivens rather than dismissing the prisoner's complaint. Id. at 471. However, the Eighth Circuit qualified:

> [W]e think it appropriate to consider the potential detriment to habeas petitioners if district courts, sua sponte, transformed their habeas petitions into Bivens . . . claims, and vice versa. As a result, we think the better practice will be for district courts to first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a Bivens action.

Id. at 471 (internal citation omitted). The concerns alluded to in Spencer about converting a prisoner's habeas petition to a Bivens action—including whether the proper defendant is named, filing fees and the means of collecting them, and restrictions on future filings—are not present here because McIntire's claim ultimately lacks any merit and because McIntire no longer is a prisoner. Accordingly, this Court will consider whether McIntire has a viable Bivens claim for a violation of the Due Process Clause regarding his release gratuity being just $100.

The Due Process Clause of the Fifth Amendment prohibits the Government from depriving people of their property "without due process of law." Dusenbery v. United States, 534 U.S. 161, 167 (2002). To establish a due process violation, McIntire must demonstrate that he has a protected property interest in receiving the full $500 release gratuity under § 3624(d).

3

Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808 (8th Cir. 2003). Whether § 3624(d) created a property interest in receiving the full gratuity depends upon the extent to which the statute restricts the discretion of the BOP. As the Eighth Circuit has explained, "[a] statute . . . will give rise to a protected property interest only where (1) it contains particularized substantive standards or criteria that guide the decisionmakers, and (2) it uses mandatory language requiring the decisionmakers to act in a certain way, thus limiting the official's discretion." Jennings v. Lombardi, 70 F.3d 994, 996 (8th Cir. 1995); see also Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999) ("Statutes . . . that grant to a decision maker discretionary authority in their implementation . . . do not create protected property interests.").

The language of § 3624(d) and the relevant regulatory provision make clear that the amount of the release gratuity given to an inmate is entirely within the discretion of the BOP. Section 3624(d) provides:

> Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with—
> (1) suitable clothing;
> (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and
> (3) transportation.

18 U.S.C. § 3624(d). The BOP, in turn, has promulgated 28 C.F.R. § 571.20, which states:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have . . . some funds to use until he or she begins to receive income. Based on the inmate's need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

28 C.F.R. § 571.20. Although 18 U.S.C. § 3624(d) and 28 C.F.R. § 571.20 set forth some criteria for the BOP to consider, they do not restrict the BOP's discretion to such an extent to

4

give a prisoner like McIntire a protected property interest in the full $500 release gratuity. See, e.g., Morrow v. Rios, No. 08-320 (JRT/RLE), 2009 WL 924525, at *15 (D. Minn. Mar. 31, 2009) (rejecting claim that petitioner was entitled to release gratuity because the payment of such a gratuity was subject to BOP's discretion); Kenan v. Francis, No. 2:05-cv-76, 2006 WL 3900109, at *5 (N.D.W. Va. June 13, 2006) (same); Palmer v. Fed. Bureau of Prisons, No. CV. 05-1907-MO, 2006 WL 533511, at *2 (D. Or. Mar. 2, 2006) (same). Because McIntire does not have a property interest in the release gratuity, he is unable to establish a due process violation. Nativi-Gomez, 344 F.3d at 808. McIntire likewise cannot establish that he has a protected liberty interest in a release gratuity. See Morrow, 2009 WL 924525, at *15 n.14 (concluding that a prisoner's claim for a release gratuity under § 3624(d) does not present a legally cognizable liberty interest so as to trigger due process protection).

Materials of record reveal yet another reason why McIntire's claim is not meritorious. McIntire cannot establish that the BOP abused its discretion by denying his request for a $500 release gratuity. First, McIntire's inmate trust fund account reflects monthly earnings ranging from $22.77 to $91.95 while he was incarcerated at the Yankton Federal Prison Camp. Doc. 10 at 3; Doc. 10-4. The BOP urged McIntire to save these earnings for his eventual release. Doc. 10 at 2-3; Doc. 10-2. Nevertheless, McIntire's balance on July 22, 2014, was only $12.99, despite his having earned $287.92 in the previous six months. Doc. 10 at 3; Doc. 10-5. Second, the BOP was aware of McIntire's concerns about not receiving financial support from his family and not being placed in a BOP RRC. Doc. 10-2 at 7; Doc. 10-3. The BOP addressed these concerns by securing a placement for McIntire with a Public Law RRC for up to 180 days to allow him to secure employment, save money, and locate a suitable residence prior to being released into the community. Doc. 10 at 2–3; Doc. 10-2 at 7; Doc. 10-3. A Public Law RRC

5

placement provides benefits to inmates similar to those afforded inmates who reside in BOP RRCs, without the inmate having to pay a percentage for residing there. Doc. 10 at 3. Based upon McIntire's failure to save the money he earned in prison and his placement with a Public Law RRC, the BOP determined that a $100 release gratuity, along with $15 for cab fare and $21 for food while en route to the Public Law RRC, was sufficient for McIntire. Doc. 1-5 at 2; Doc. 10 at 3. This was an entirely reasonable exercise of the BOP's discretion.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Petition, Doc. 1, is dismissed and that judgment for Defendant enter.

Dated March 19th, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE